**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| AARON ANTHONY LEWIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-610-NAB |
| ) | |
| JOSH SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Aaron Anthony Lewis, Jr. (registration no. 122459), a pretrial detainee at the St. Louis City Justice Center, for leave to commence this civil action without payment of the required filing fee. [Doc. 2.] Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $47.12. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will stay this action until final disposition of plaintiff's pending criminal case.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement. [Doc. 3.] A review of plaintiff's account indicates an average monthly deposit of $235.60 and an average monthly balance of $86.64. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $47.12, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently a pretrial detainee being held at the St. Louis City Justice Center. He brings this action pursuant to 42 U.S.C. § 1983 on a Court-provided form. [Doc. 1.] Plaintiff names four employees of the Florissant Police Department as defendants: (1) Detective Josh Smith; (2) Detective Jonathan Kemp; (3) Detective Bryan Bussen; and (4) Sergeant Joseph Monahan. Plaintiff brings his claims against all defendants in their official and individual capacities for a violation of his "Fourth Amendment [rights], false arrest, illegal search and seizure, use of excessive force, [and] defamation of character." [Doc. 1 at 3.]

In the statement of the claim section of the form complaint, plaintiff alleges the following in its entirety:

> On September 23rd, 2019[,] I . . . was attacked by police officers from Flor[]is[s]ant police department. Officer Jonathan Kemp fired shots at my vehicle, Officer Josh Smith fired multiple shots at my vehicle[.] [A]ll shots were fired while I was not a threat to anybody[.] [E]verything transpired when a[n] unknown car approached

3

me. I feared for my life and I was assaulted by these police officers[.] [A]ccording to police reports there was not a warrant or wanted for my arrest[.] [T]here are police reports that can prove what I'm saying is truth 19:006953 and 1922-CR03459-01. [T]here is supposed to be video of everything that transpired but somehow the video[,] the vehicle[,] everything has vanished[.]

*Id.* at 5.

For relief, plaintiff seeks two million dollars in monetary damages and for the Court "to charge defendants accordingly." *Id.* at 6.

On June 21, 2021, plaintiff filed a thirty-one-page supplement, which consists of documents related to his underlying criminal case pending in the Circuit Court of the Twenty-Second Judicial Circuit. [Doc. 5.] *See State v. Lewis*, Case No. 1922-CR03459 (22nd Jud. Cir. 2020). The documents filed by plaintiff include the State of Missouri's Voluntary Disclosure, the Florissant Police Department's Booking Sheet, and Indictment. *Id.*

## Discussion

Plaintiff's claims will be stayed until final disposition of his pending criminal action. The United States Supreme Court has held that in order to recover damages under § 1983 for an unconstitutional conviction or imprisonment, a plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages regarding a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. *See also Newmy v. Johnson*, 758 F.3d 1008, 1009 (8th Cir. 2014); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996).

In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended. 549 U.S. 384, 393-94 (2007). The Court explained that where a plaintiff files a claim before he is convicted, and that claim is related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* Otherwise, the Court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Based on the Court's review of plaintiff's related underlying criminal case on Missouri Case.net, *State v. Lewis*, Case No. 1922-CR03459 (22nd Jud. Cir. 2020), plaintiff is charged with one count of felony assault in the first degree and one count of armed criminal action.[1] The charges stem from an incident occurring on or about September 23, 2019, in which plaintiff is alleged to have pinned defendant Kemp, a law enforcement officer, between the door and body frame of his police vehicle. Plaintiff is currently scheduled for trial on September 13, 2021.

The instant § 1983 action is based on the same set of facts and circumstances giving rise to plaintiff's arrest and the state criminal charges currently pending before the circuit court. Plaintiff's claims relate to rulings that "will likely be made in [the] pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. Indeed, plaintiff has a motion to suppress currently pending before the

---

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

circuit court in his criminal case. Plaintiff's claim of excessive force used by defendants in effecting the arrest will necessarily be dependent upon the factual outcome of the pending criminal proceeding. As such, the principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same); and *Cook v. Desoto Police Dep't Unknown Three*, No. 4:20-CV-168-RLW, 2020 WL 3893025, at *2 (E.D. Mo. July 10, 2020) (staying § 1983 case alleging illegal seizure, false arrest, false imprisonment, and excessive force). "Moreover, Plaintiff is acting in this civil case as a *pro se* litigant, and without the benefit of counsel to guide him and perhaps protect his Fifth Amendment rights which may be implicated if this civil case proceeds with discovery and evidentiary hearings." *Combs v. Nelson*, No. 4:09-CV-00329 SWW, 2009 WL 2044413, at *3 (E.D. Ark. July 10, 2009).

This case will therefore be administratively closed and can potentially be reopened by plaintiff's filing of a motion to reopen after the final disposition of the pending criminal case and any and all appellate and post-conviction proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $47.12 within

6

thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** and this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the state court criminal proceedings against plaintiff in *State v. Lewis*, Case No. 1922-CR03459 (22nd Jud. Cir. 2020), followed by the final disposition of any appellate and post-conviction proceedings. This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of July, 2021.